## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 13-353

NANCY RUMER BEAUDRY, Independent Executrix of THE ESTATE OF HARRY R. BEAUDRY, deceased,

Plaintiff,

v.

FIRST NATIONAL BANK OF THE ROCKIES, a Colorado banking institution
KAUA'I VENTURE, LLC, a Colorado limited liability company
DESERT LILY ESTATES, LLC, a Colorado limited liability company
PINENEEDLE DEVELOPMENT, LLC, a Colorado limited liability company
TRACY ENTERPRISES, INC., a Colorado corporation
MICHAEL A. TRACY, individually
JACK BLANTON, individually

Defendants.

---

## COURT APPROVED SETTLEMENT AGREEMENT

---

This matter is before the Court on the parties' joint motion for entry of a Court Approved Settlement Agreement ("Settlement Agreement") among: Plaintiff Nancy Rumer Beaudry ("Plaintiff"); Defendant First National Bank of the Rockies ("FNBR"); Defendants Kaua'i Venture, LLC, Desert Lily Estates, LLC, Pineneedle Development, LLC, Tracy Enterprises, Inc., and Michael A. Tracy (collectively the "Tracy Defendants"); and, Jack Blanton ("Blanton"), to effectuate a final compromise and settlement of all claims asserted by Plaintiff in her First Amended Complaint, subject to the terms and conditions as stated hereinbelow.  FNBR, the Tracy Defendants, and Blanton are sometimes referred to, collectively, herein as the "Defendants".

1

1.     Plaintiff, the Independent Executrix of the Estate of Harry R. Beaudry, filed a Complaint against Defendants asserting various claims as to a 13.9 acre parcel of land contiguous to Mt. Crested Butte, Colorado (the "Property")

2.     Defendants denied the substantive allegations in the Complaint.

3.     As a result of a formal mediation conducted by Federal Magistrate Judge Michael E. Hegarty on February 19, 2014, and to avoid the expense and distraction of litigation, the parties have resolved their dispute and have agreed that this action should be resolved by entry of this Settlement Agreement.

4.     It is the intent of the parties that this Settlement Agreement be a final and binding settlement in full disposition of the claims alleged by Plaintiff in this action, as more fully set forth below.

### STIPULATIONS

5.     The parties acknowledge the jurisdiction of the United States District Court for the District of Colorado over the subject matter of this action and over the parties for purposes of entering and, if necessary, enforcing this Settlement Agreement.

6.     Venue is proper in this judicial district for the purposes of this Settlement Agreement and the proceedings relating to this Settlement Agreement.

7.     The parties agree that all statutory and other conditions precedent to the institution of the lawsuit have been fulfilled.

### FINDINGS

8.     Having examined the terms and provisions of this Settlement Agreement, the Court finds the following:

a.    The Court has jurisdiction over the subject matter of this action and the parties of this action.

b.    The terms and conditions of this Settlement Agreement are fair, reasonable and just.

c.    The Settlement Agreement conforms with the Federal Rules of Civil Procedure, and is not in derogation of the rights and privileges of any person.

d.    The entry of this Settlement Agreement will further the objectives of applicable law, and will be in the best interests of the parties.

NOW THEREFORE, it is ordered, adjudged, and decreed as follows:

## NON-ADMISSION

9.    This Settlement Agreement is being entered with the parties' consent and shall not constitute an adjudication of the merits of the case. This Settlement Agreement is not intended to be construed as an admission of liability by any party to another party.

## REMEDIAL RELIEF

10.    In exchange for the promises made by Plaintiff in this Settlement Agreement, each of the respective Defendants agree, as follows:

a.    FNBR agrees to pay Plaintiff the total of twenty-five thousand dollars ($25,000.00) in complete settlement of all claims that were or could have been brought in this lawsuit against FNBR, whether known or unknown. Plaintiff and FNBR will execute a motion to dismiss with prejudice all claims against FNBR concurrently with the filing of this Settlement Agreement. Plaintiff will file the motion to dismiss within three business days of receipt of the payment. In the event FNBR fails to pay this amount within five business days from the Court's

3

approval of this Settlement Agreement, this settlement is null and void as to

FNBR, and FNBR and the Plaintiff will cooperated in getting a new trial date

from Judge R. Brooke Jackson.

b.       Blanton agrees to pay Plaintiff the total of one hundred seventy-five

thousand dollars ($175,000.00) on or before August 19, 2014 in complete

settlement of all claims that were or could have been brought in this lawsuit

against Blanton, whether known or unknown.  In the event Blanton fails to pay

this amount by August 19, 2014, this Settlement is null and void as to Blanton,

except for the provisions of paragraph 10.e, which will remain in full force and

effect, and Blanton and the Plaintiff will cooperate in getting a new trial date from

Judge R. Brooke Jackson.

c.       Tracy Defendants agree to pay Plaintiff the total of one hundred thousand

dollars ($100,000.00) on or before August 19, 2014, in complete settlement of all

claims that were or could have been brought in this lawsuit against the Tracy

Defendants or any officer, director, shareholder, member, or manager of any

Tracy Defendant, other than Jack Blanton.  In the event the Tracy Defendants fail

to pay this amount by August 19, 2014, this settlement is null and void as to the

Tracy Defendants, and the Plaintiff and the Tracy Defendants shall cooperate in

getting a new trial date from Judge R. Brooke Jackson.

d.       Effective as soon as practical after the Court's approval of this Settlement

Agreement, Plaintiff shall cause to be removed the existing Notice of Filing of

Foreign Judgment against Blanton in Hawaii, which is the only location where a

judgment, notice of judgment, transcript of judgment, or any other public filing

has been recorded.  In consideration for Plaintiff's agreement to remove the existing Notice of Filing of Foreign Judgment, Blanton hereby attests that he has lost his teaching license as a result of the recording of the Notice of Filing of Foreign Judgment in Hawaii and that he will be able to procure his teaching license once the Notice of Filing of Foreign Judgment is released.  Blanton further attests that there are no other judgments on file against him and that there is no threatened litigation against him at this time.  Blanton agrees that he shall not allow any more liens to be placed upon any real property which he currently owns, including without limitation 5454 Ka Haku Road 414, Princeville, Kaua'i County, HI, without Plaintiff's prior written consent; that he is not now in default in the payment of any encumbrances against any such real property; and that he will timely pay any and all future payments owed on such encumbrances, and assessments and real property taxes, until this action is dismissed with prejudice. Blanton further agrees that, until this action is dismissed with prejudice, neither he nor his wife will change the current status of title to any real property interests he owns, that neither he nor his wife will transfer any of their interests in any such property to any other person or entity, and that neither he nor his wife will attempt to avoid the terms or intent of this Settlement Agreement by revising the provisions of their estate documents, or by any other means.

e.      Plaintiff has prepared a proposed judgment for consideration and execution by Judge R. Brooke Jackson in favor of Plaintiff against Blanton in the amount of one hundred fifty thousand dollars ($150,000.00), plus statutory interest at the rate of 8% per annum accrued since July 18, 2006, amounting to

ninety seven thousand dollars ($97,000.00) as of August 19, 2014. A copy of the judgment is attached hereto as **Exhibit A.** Plaintiff shall abstain from recording or otherwise enforcing or executing upon this judgment until August 19, 2014, and will then do so only if Blanton is in default on any of his promises herein.

11.     The parties agree to a stay of this case pending the resolution and completion of the promises made herein.

12.     The parties request that the Court hold periodic status conferences in this case at approximately two month intervals during which the remaining parties will discuss their progress in meeting their obligations as set forth herein.

13.     Although not a part of the ultimate settlement agreement in this case, or a condition precedent to the performance of any of the obligations and/or promises set forth herein, Blanton hereby tenders his offer of $632,400.00 to FNBR to purchase the approximate 10 acre parcel which has not been sold within the Property and agrees to pay all commissions and closing costs which are in addition to this amount. FNBR will entertain this offer and negotiate with Blanton (and other investors whom he may involve) as FNBR would in the normal course of its business. During the period of negotiation with Blanton and his investors, which will run from February 19, 2014 to June 19, 2014, FNBR agrees not to accept any offer that would be less than the amount contained in this paragraph. If FNBR determines that this offer does not meet its underwriting guidelines, it is free to continue to advertise, offer and sell the approximate 10 acres parcel without restriction.

**RELEASE OF CLAIMS**

14.     For and in return for the consideration she is to receive from FNBR under this Settlement Agreement, the sufficiency of which she will recognize and acknowledge when paid by FNBR, Plaintiff and on behalf of her successors, heirs and assigns, hereby releases, acquits, and forever discharges FNBR, all other of its related entities both past and present, including FNBR's insurers, attorneys, agents, employees, directors, officers, partners, bearers, heirs, personal representatives, successors and assigns, of and from any and all liabilities, claims, demands, rights, controversies, agreements, damages, actions, causes of actions, expenses, attorneys' fees, interest, compensations, judgments, including any claim for contribution or otherwise, rising out of this action or resolution of the claims herein, and any and all consequential and punitive damages, of whatsoever kind and nature, either in law or in equity, which might exist now or in the future in regard to all actual and/or potential claims in Civil Action No. 13-cv-00353-RBJ-MEH in the United States District Court for the District of Colorado.

15.     For and in return for the consideration she is to receive from the Tracy Defendants under this Settlement Agreement, the sufficiency of which she will recognize and acknowledge when paid by or on behalf of the Tracy Defendants, Plaintiff and on behalf of her successors, heirs and assigns, hereby releases, acquits, and forever discharges the Tracy Defendants, and all of their related entities both past and present, including the Tracy Defendants' respective insurers, attorneys, agents, employees, directors, officers, shareholders, members, managers (other than Jack Blanton), partners, bearers, heirs, personal representatives, successors and assigns, of and from any and all liabilities, claims, demands, rights, controversies, agreements, damages, actions, causes of actions,

expenses, attorneys' fees, interest, compensations, judgments, including any claim for contribution or otherwise, arising out of the subject matter of this action or resolution of the claims herein, and any and all consequential and punitive damages, of whatsoever kind and nature, either in law or in equity, which might exist now or in the future in regard to all actual and/or potential claims in Civil Action No. 13-cv-00353-RBJ-MEH in the United States District Court for the District of Colorado.

16.     For and in return for the consideration she is to receive from Jack Blanton under this Settlement Agreement, the sufficiency of which she will recognize and acknowledge when paid by or on behalf of Jack Blanton, Plaintiff and on behalf of her successors, heirs and assigns, hereby releases, acquits, and forever discharges Blanton, and all of his related entities both past and present, other than the Tracy Defendants, including Blanton's insurers heirs, personal representatives, successors and assigns, of and from any and all liabilities, claims, demands, rights, controversies, agreements, damages, actions, causes of actions, expenses, attorneys' fees, interest, compensations, judgments, including any claim for contribution or otherwise, arising out of the subject matter of this action or resolution of the claims herein, and any and all consequential and punitive damages, of whatsoever kind and nature, either in law or in equity, which might exist now or in the future in regard to all actual and/or potential claims in Civil Action No. 13-cv-00353-RBJ-MEH in the United States District Court for the District of Colorado.

17.     For and in return for the consideration the Defendants are to receive under this Settlement Agreement, the sufficiency of which they recognize and acknowledge, the Defendants, and each of them, and on behalf of their respective successors, heirs and assigns, hereby release, acquit, and forever discharge the Plaintiff, all other related

8

entities both past and present, including Plaintiff's attorneys, agents, personal representatives, successors and assigns, of and from any and all liabilities, claims, demands, rights, controversies, agreements, damages, actions, causes of actions, expenses, attorneys' fees, interest, compensations, judgments, including any claim for contribution or otherwise, rising out of this action or resolution of the claims herein, and any and all consequential and punitive damages, of whatsoever kind and nature, either in law or in equity, which might exist now or in the future in regard to all actual and/or potential claims in Civil Action No. 13-cv-00353-RBJ-MEH in the United States District Court for the District of Colorado.

18.    For and in return for the promises and consideration the Defendants are to receive under this Settlement Agreement, the sufficiency of which they recognize and acknowledge, the Defendants, and each of them, and on behalf of their respective successors, heirs and assigns, hereby release, acquit, and forever discharge each other, all of their other related entities both past and present, including their attorneys, agents, directors, officers, shareholders, members, managers, personal representatives, successors and assigns, of and from any and all liabilities, claims, demands, rights, controversies, agreements, damages, actions, causes of actions, expenses, attorneys' fees, interest, compensations, judgments, including any claim for contribution or otherwise, rising out of the subject matter of this action or the resolution of the claims in this action, and any and all consequential and punitive damages, of whatsoever kind and nature, either in law or in equity, which might exist now or in the future in regard to all actual and/or potential claims in Civil Action No. 13-cv-00353-RBJ-MEH in the United States District Court for the District of Colorado.

## RETENTION OF JURISDICTION, DISPUTE RESOLUTION, AND COMPLIANCE

19.   The Court shall retain jurisdiction over this matter and shall have all equitable and legal powers to enforce this Settlement Agreement.

20.   The parties shall engage in good faith efforts to resolve any dispute concerning compliance with this Settlement Agreement before seeking review by the Court. Upon motion of any party, the Court may schedule a hearing for the purpose of reviewing compliance with this Settlement Agreement. The parties may conduct expedited discovery under the Federal Rules of Civil Procedure to determine compliance with this Settlement Agreement or for defending against a claim of non-compliance.

## MISCELLANEOUS

21.   The parties shall bear their own costs and expenses of this litigation to date, including without limitation expert witness and attorneys' fees. The parties agree that if any funds are spent, including without limitation the payment of attorneys' fees, to enforce the provisions of this Settlement Agreement, the prevailing party in such enforcement action shall be awarded its costs and reasonable attorneys' fees in doing so.

22.   This Settlement Agreement constitutes the entry of final judgment under Fed. R. Civ. P. 54 (a) as to all claims asserted in this action.

23.   Each of the parties has had full opportunity to consult with and obtain the advice of legal and other counsel. The parties have read this Settlement Agreement and understand its terms and their legal significance.

10

24.    If any provision of this Settlement Agreement is found to be unlawful, only the specific provision in question shall be affected, and the other provisions will remain in full force and effect.

25.    The parties agree that this Settlement Agreement shall be binding upon and inure to the benefit of the heirs, personal representatives, successors and assigns of the parties.

26.    This Settlement Agreement constitutes the entire agreement and commitment of the parties.  There are no other agreements or representations, oral or written, among the parties.  Any modification to this Settlement Agreement must be mutually agreed upon and memorialized in a writing signed by the affected parties.

27.    Plaintiff hereby assumes responsibility for any and all tax consequences associated with this Settlement Agreement, is solely responsible for how she reports, characterizes, allocates or treats this Settlement Agreement for tax purposes, and is solely responsible for the payment of any state and/or federal taxes due as a result of this Settlement Agreement.

28.    The parties agree that each of them has participated in drafting this Settlement Agreement.  Accordingly, no party shall be deemed the "drafting party" and the doctrine of law interpreting ambiguities against the drafting party shall not be applicable to or utilized in resolving any dispute regarding the meaning or intent of this Settlement Agreement.

**EFFECTIVE DATE**

29.     The effective date of this Settlement Agreement shall be the date upon which is

entered by the Court. As to FNBR, this Settlement Agreement shall expire, and

this action shall be dismissed with prejudice as against FNBR upon consideration

by the Court of a Stipulation of Dismissal with Prejudice filed by Plaintiff and

FNBR. As to the Other Defendants, this Settlement Agreement shall expire, and

this action shall be dismissed with prejudice as against the Other Defendants, or

any of them, as appropriate, upon consideration by the Court of a Stipulation of

Dismissal with Prejudice filed by Plaintiff and the Other Defendants, or any of

them.

DATED AND ENTERED this _____day of _____, 2014.

                                        BY THE COURT:


                                        _____
                                        R. Brooke Jackson
                                        United States District Judge


        We hereby agree to the terms and conditions of the foregoing Settlement

Agreement. (This document may be signed in counterparts, and may be signed via

facsimile or portable document format (pdf). A copy of a signature shall be as valid as the

original.)


| Plaintiff: | Defendant: |
| --- | --- |
| *Nancy Rumer Beaudry* | DESERT LILY ESTATES, LLC |
| NANCY RUMER BEAUDRY | By: |

12

| | |
|---|---|
| Independent Executrix of the Estate of Harry R. Beaudry, deceased,<br><br>Dated: 3/12/2014 | Michael A. Tracy, Manager<br><br>Dated: _____ |
| Defendant:<br><br>PINENEEDLE DEVELOPMENT, LLC<br><br>By: _____<br>Michael A. Tracy, Manager<br><br>Dated: _____ | Defendant:<br><br>TRACY ENTERPRISES, INC.<br><br>By: _____<br>Michael A. Tracy, President<br><br>Dated: _____ |
| Defendant:<br><br>MICHAEL TRACY<br><br>_____<br><br>Dated: _____ | Defendant:<br><br>KAUA'I VENTURE, LLC,<br><br>By: _____<br>Michael A. Tracy, Manager<br><br>Dated: _____<br><br>By: _____<br>Jack Blanton, Manager<br><br>Dated: _____ |
| Defendant:<br>FIRST NATIONAL BANK OF THE ROCKIES<br><br>By: _____<br><br>Its: _____<br><br>Dated: _____ | Defendant:<br><br>JACK BLANTON, pro se<br><br>_____<br><br>Dated: _____ |

Approved as to form:

| | |
|---|---|
| | |

13

29.   The effective date of this Settlement Agreement shall be the date upon which is entered by the Court. As to FNBR, this Settlement Agreement shall expire, and this action shall be dismissed with prejudice as against FNBR upon consideration by the Court of a Stipulation of Dismissal with Prejudice filed by Plaintiff and FNBR. As to the Other Defendants, this Settlement Agreement shall expire, and this action shall be dismissed with prejudice as against the Other Defendants, or any of them, as appropriate, upon consideration by the Court of a Stipulation of Dismissal with Prejudice filed by Plaintiff and the Other Defendants, or any of them.

DATED AND ENTERED this ___1___ day of ___April___, 2014.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge

We hereby agree to the terms and conditions of the foregoing Settlement Agreement. (This document may be signed in counterparts, and may be signed via facsimile or portable document format (pdf). A copy of a signature shall be as valid as the original.)

| Plaintiff: | Defendant: |
|---|---|
|  | DESERT LILY ESTATES, LLC |
| NANCY RUMER BEAUDRY | By: |

12

| | |
|---|---|
| Independent Executrix of the Estate of Harry R. Beaudry, deceased, <br><br> Dated: _____ | Michael A. Tracy, Manager <br><br> Dated: 3/26/14 |
| Defendant: <br><br> PINENEEDLE DEVELOPMENT, LLC <br><br> By: _____ <br> Michael A. Tracy, Manager <br><br> Dated: 3/26/14 | Defendant: <br><br> TRACY ENTERPRISES, INC. <br><br> By: _____ <br> Michael A. Tracy, President <br><br> Dated: 3/26/14 |
| Defendant: <br><br> MICHAEL TRACY <br><br> Dated: 3/26/14 | Defendant: <br><br> KAUA'I VENTURE, LLC, <br><br> By: _____ <br> Michael A. Tracy, Manager <br><br> Dated: 3/26/14 <br><br> By: _____ <br> Jack Blanton, Manager <br><br> Dated: _____ |
| Defendant: <br> FIRST NATIONAL BANK OF THE ROCKIES <br><br> By: _____ <br><br> Its: _____ <br><br> Dated: _____ | Defendant: <br><br> JACK BLANTON, pro se <br><br> _____ <br><br> Dated: _____ |

Approved as to form:

| | |
|---|---|
| | |

13

James H. Starr
Starr & Associates, P.C.
411 Third Street
Crested Butte, CO 81224
Telephone: (970) 349-5363
Email: jim@starrattorneys.com
Attorney for Plaintiff


Dated: _____

John F. Hensley
Hensley & Kennedy, P.C.
1790 30th Street, Suite 435
Boulder, CO 80301
Telephone: (303) 447-0157
Email: jfh@hensleyandkennedy.com
Attorney for Tracy Defendants

Dated: *3/26/2014*

_____

Jerry B. Tompkins
Traylor, Tompkins & Black, P.C.
751 Horizon Court, Suite 200
Grand Junction, CO 81506
Telephone: (970) 242-2636
Email: jbt@grandjunctionlaw.com
Attorney for First National Bank of the
Rockies


Dated: _____

14

| Independent Executrix of the Estate of Harry R. Beaudry, deceased,<br><br>Dated: _____ | Michael A. Tracy, Manager<br><br>Dated: _____ |
|---|---|
| Defendant:<br><br>PINENEEDLE DEVELOPMENT, LLC<br><br>By: _____<br>Michael A. Tracy, Manager<br><br>Dated: _____ | Defendant:<br><br>TRACY ENTERPRISES, INC.<br><br>By: _____<br>Michael A. Tracy, President<br><br>Dated: _____ |
| Defendant:<br><br>MICHAEL TRACY<br><br>_____<br><br>Dated: _____ | Defendant:<br><br>KAUA'I VENTURE, LLC,<br><br>By: _____<br>Michael A. Tracy, Manager<br><br>Dated: _____<br><br>By: _____<br>Jack Blanton, Manager<br><br>Dated: _____ |
| Defendant:<br>FIRST NATIONAL BANK OF THE ROCKIES<br><br>By: _~~signature~~_<br><br>Its: _Chairman President & CEO_<br><br>Dated: _March 17, 2014_ | Defendant:<br><br>JACK BLANTON, pro se<br><br>_____<br><br>Dated: _____ |

Approved as to form:

_~~signature~~_

13

James H. Starr
Starr & Associates, P.C.
411 Third Street
Crested Butte, CO 81224
Telephone: (970) 349-5363
Email: jim@starrattorneys.com
Attorney for Plaintiff

Dated: _March 27, 2014_

John F. Hensley
Hensley & Kennedy, P.C.
1790 30th Street, Suite 435
Boulder, CO 80301
Telephone: (303) 447-0157
Email: jfh@hensleyandkennedy.com
Attorney for Tracy Defendants

Dated: _____

Jerry B. Tompkins
Traylor, Tompkins & Black, P.C.
751 Horizon Court, Suite 200
Grand Junction, CO  81506
Telephone: (970) 242-2636
Email: jbt@grandjunctionlaw.com
Attorney for First National Bank of the
Rockies

Dated: _March 17, 2014_

14

| | |
|---|---|
| Independent Executrix of the Estate of Harry R. Beaudry, deceased, <br><br> Dated: _____ | Michael A. Tracy, Manager <br><br><br> Dated: _____ |
| Defendant: <br><br> PINENEEDLE DEVELOPMENT, LLC <br><br> By: _____ <br> Michael A. Tracy, Manager <br><br><br> Dated: _____ | Defendant: <br><br> TRACY ENTERPRISES, INC. <br><br> By: _____ <br> Michael A. Tracy, President <br><br><br> Dated: _____ |
| Defendant: <br><br> MICHAEL TRACY <br><br><br> _____ <br><br> Dated: _____ | Defendant: <br><br> KAUA'I VENTURE, LLC, <br><br> By: _____ <br> Michael A. Tracy, Manager <br><br><br> Dated: <br> By: _Jack Blanton_ <br> Jack Blanton, Manager <br><br> Dated: _3-12-2014_ |
| Defendant: <br> FIRST NATIONAL BANK OF THE ROCKIES <br><br> By: _____ <br><br> Its: _____ <br><br> Dated: _____ | Defendant: <br><br> JACK BLANTON, pro se <br> _Jack Blanton_ <br><br> Dated: _3-12-2014_ |

Approved as to form:

| | |
|---|---|
| | |

13

**Exhibit A**
(2 pages)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 13-CV-353-RBJ-MEH

NANCY RUMER BEAUDRY, Independent Executrix of THE ESTATE OF
HARRY R. BEAUDRY, deceased

Plaintiff,

v.

FIRST NATIONAL BANK OF THE ROCKIES, a Colorado banking institution
KAUA'I VENTURE, LLC, a Colorado limited liability company
DESERT LILY ESTATES, LLC, a Colorado limited liability company
PINENEEDLE DEVELOPMENT, LLC, a Colorado limited liability company
TRACY ENTERPRISES, INC., a Colorado corporation
MICHAEL A. TRACY, individually
JACK BLANTON, individually

Defendants.

---

## STIPULATED JUDGMENT

As a result of a formal mediation conducted with all of the parties by Federal
Magistrate Judge Michael E. Hegarty on February 19, 2014 in this matter, and
pursuant to paragraph 10.e. of the Court Approved Settlement Agreement,
Judgment is hereby entered in favor of Plaintiff against Defendant Jack Blanton
in the amount of one hundred fifty thousand dollars ($150,000.00), plus statutory
interest at the rate of 8% per annum accrued since July 18, 2006 until the
judgment amount and interest are paid in full.

Plaintiff and Defendant Jack Blanton have agreed that Plaintiff shall refrain from
recording or otherwise enforcing or executing upon this judgment until August 19,
2014, and will do so then only if Defendant Jack Blanton is in default on the
promises made by him in the Court Approved Settlement Agreement.

1

2014, and will do so then only if Defendant Jack Blanton is in default on the promises made by him in the Court Approved Settlement Agreement.

If Plaintiff or Defendant Jack Blanton is required to seek interpretation or enforcement of this Stipulated Judgment, the party required to seek such interpretation or enforcement shall be awarded its reasonable attorneys' fees and experts' fees in addition to all other recoverable costs, damages and awards.

DATED AND ENTERED this _____ day of _____, 2014.

By the Court:

_____
R. Brooke Jackson
United States District Judge

APPROVED:

_____       _____
NANCY RUMER BEAUDRY                    JACK BLANTON pro se
Independent Executrix of the           Defendant
Estate of Harry R. Beaudry, deceased,
Plaintiff

Dated: _3/12/2014_____                 Dated:_____

2

If Plaintiff or Defendant Jack Blanton is required to seek interpretation or enforcement of this Stipulated Judgment, the party required to seek such interpretation or enforcement shall be awarded its reasonable attorneys' fees and experts' fees in addition to all other recoverable costs, damages and awards.

DATED AND ENTERED this _____ day of _____ ,2014.

By the Court:

_____
R. Brooke Jackson
United States District Judge

APPROVED:

_____
NANCY RUMER BEAUDRY
Independent Executrix of the
Estate of Harry R. Beaudry, deceased,
Plaintiff

Dated:_____

JACK BLANTON, pro se
Defendant

Dated: 3 - 12 - 2014

2

If Plaintiff or Defendant Jack Blanton is required to seek interpretation or enforcement of this Stipulated Judgment, the party required to seek such interpretation or enforcement shall be awarded its reasonable attorneys' fees and experts' fees in addition to all other recoverable costs, damages and awards.

DATED AND ENTERED this __1st__ day of __April__, 2014.

By the Court:

R. Brooke Jackson
United States District Judge

APPROVED:

_____
NANCY RUMER BEAUDRY
Independent Executrix of the
Estate of Harry R. Beaudry, deceased,
Plaintiff

Dated: _____

JACK BLANTON pro se
Defendant

Dated: 3-12-2014

2

If Plaintiff or Defendant Jack Blanton is required to seek interpretation or enforcement of this Stipulated Judgment, the party required to seek such interpretation or enforcement shall be awarded its reasonable attorneys' fees and experts' fees in addition to all other recoverable costs, damages and awards.

DATED AND ENTERED this _____1st_____ day of __April__, 2014.

By the Court:

R. Brooke Jackson
United States District Judge

APPROVED:

_____
NANCY RUMER BEAUDRY
Independent Executrix of the
Estate of Harry R. Beaudry, deceased,
Plaintiff

JACK BLANTON pro se
Defendant

Dated:_____

Dated: 3 - 12 - 2014

2